U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2015 NOV -9 PM 12:28

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| WAYNE BURWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:12-cv-166 |
| ) | |
| HARTFORD POLICE OFFICER FREDRICK ) | |
| PEYTON in his individual capacity and as an ) | |
| employee of the Town of Hartford, HARTFORD ) | |
| POLICE OFFICER SCOTT MOODY in his ) | |
| individual capacity and as an employee of the Town ) | |
| of Hartford, HARTFORD POLICE OFFICER ) | |
| KRISTINNAH ADAMS in her individual capacity ) | |
| and as an employee of the Town of Hartford, ) | |
| HARTFORD POLICE CHIEF GLENN CUTTING ) | |
| in his individual capacity, and TOWN OF ) | |
| HARTFORD for the negligence of Emily Leinoff ) | |
| and Martha Morse, ) | |
| ) | |
| Defendants. ) | |

### ENTRY ORDER GRANTING IN PART AND DENYING IN PART
### PARTIES' MOTIONS FOR RECONSIDERATION
(Docs. 127, 128)

This matter comes before the court on Motions for Reconsideration (Docs. 127, 128) filed by Hartford police officer Scott Moody ("Sergeant Moody") and Plaintiff Wayne Burwell. Sergeant Moody seeks "limited" reconsideration of the court's Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (Doc. 126) (the "Order"), asking the court to hold that the amount of force he personally employed against Plaintiff was neither excessive under the Fourth Amendment nor tortious under state law. Plaintiff seeks reconsideration of the Order with respect to his false arrest claim (Count Three), claiming that at trial he will be able to testify as to his consciousness while confined. Both motions are opposed.

Plaintiff is represented by Robin C. Curtiss, Esq., Ines C. Rousseau, Esq., Jeffrey J. Larrimore, Esq., and Edward M. Van Dorn, Esq. The Town of Hartford and Town of Hartford police officers Kristinnah Adams ("Officer Adams"), Fredrick Peyton ("Officer Peyton"), and Sergeant Moody (collectively, "Defendants"), are represented by Nancy G. Sheahan, Esq., Kevin J. Coyle, Esq., Joseph A. Farnham, Esq., and James F. Carroll, Esq.

## I. Procedural Background.

Plaintiff alleges that during the afternoon of May 29, 2010, Hartford Police Department officers pepper-sprayed and beat him with a baton in his own residence while he was experiencing a hypoglycemic event triggered by a medical condition. In connection with this incident, Plaintiff asserted claims under federal and state law against Hartford, the individual officers involved, and the police dispatchers on-duty at the time.

On September 14, 2015, the court granted in part and denied in part Defendants' motions for summary judgment, entering judgment in Defendants' favor with respect to all claims except Plaintiff's excessive force claim under 42 U.S.C. § 1983, and his state law claims of assault and battery and intentional infliction of emotional distress.

On October 28, 2015, the court granted the Town of Hartford's unopposed motion for clarification, making clear that it retained its municipal immunity under 24 V.S.A. § 901a as to all of Plaintiff's remaining claims.

## II. Conclusions of Law and Analysis.

In the Second Circuit, the standard for reconsideration is "strict" and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). However, "reconsideration is [also] warranted" if "the earlier decision did not address the merits" of a particular claim or defense because "principles

2

of judicial economy weigh in favor of addressing the claim at [the summary judgment] stage of the litigation." *Shatney v. LaPorte*, 2014 WL 7240522, at *3 (D. Vt. Dec. 18, 2014).

### A. Whether the Force Employed by Sergeant Moody Was Excessive Under the Fourth Amendment or Tortious Under State Law.

Sergeant Moody asks the court to reconsider the Order, pointing out that it is undisputed he had "left [Plaintiff's residence] to contact the Hartford Fire Department and to request an ambulance for Plaintiff[.]" (Doc. 126 at 13.) Because it is uncontested that Sergeant Moody was not present when Officers Peyton and Adams pepper sprayed and allegedly beat Plaintiff, the court will reconsider whether he is entitled to qualified immunity with regard to Plaintiff's remaining claims. *See United States v. Aguiar*, 2011 WL 976496, at *1 (D. Vt. Mar. 16, 2011) (granting reconsideration where defendant "identified matters that escaped the attention of the [c]ourt during its initial consideration[]").

The doctrine of qualified immunity protects government officials, including law enforcement officers, "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McEvoy v. Spencer*, 124 F.3d 92, 97 (2d Cir. 1997) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The right to be free from excessive force is clearly established, *Green v. Montgomery*, 219 F.3d 52, 59 (2d Cir. 2000), and thus the only issue is whether Sergeant Moody reasonably believed he acted lawfully under the circumstances. *See Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 764 n.7 (2d Cir. 2003) (observing that in excessive force cases, the qualified immunity inquiry ultimately "converge[s] on one question: Whether in the particular circumstances faced by the officer, a reasonable officer would believe that the force employed was lawful[]").

Sergeant Moody argues that he did not use excessive force or commit an assault on Plaintiff because he used "minimal force" to handcuff Plaintiff and escort him from his residence, and because he neither participated in nor observed any other use of force

3

against Plaintiff. Plaintiff nonetheless claims that as the senior officer on the scene, Sergeant Moody is still liable for the altercation inside the residence because he failed to intervene to prevent the allegedly unlawful use of force by Officers Peyton and Adams. "A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers." *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988). "Failure to intercede to prevent an unlawful arrest can be grounds for § 1983 liability." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129 (2d Cir. 1997). "In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). In *O'Neill*, the Second Circuit reasoned that an officer who witnessed other officers punching a handcuffed arrestee was liable because "[h]aving seen the victim beaten, he was alerted to the need to protect [him] from further abuse." *O'Neill*, 839 F.2d at 12. Sergeant Moody, however, did not observe Officer Adams and Officer Peyton pepper spray and allegedly beat Plaintiff, and therefore could not have protected Plaintiff. Accordingly, he is not liable under § 1983 for failing to intervene.

As to Sergeant Moody's participation in the handcuffing of Plaintiff, although the Second Circuit has held "handcuffing [is] not per se reasonable" to effect an arrest, it has also held that "[n]either the Supreme Court nor the Second Circuit has established that a person has the right not to be handcuffed in the course of a particular arrest, even if he does not resist or attempt to flee." *Soares v. State of Conn.*, 8 F.3d 917, 921-22 (2d Cir. 1993). Sergeant Moody was thus entitled to assist his colleagues in handcuffing Plaintiff provided that he did not do so in a manner that was, itself, unreasonable.

"[I]n evaluating the reasonableness of handcuffing, a Court is to consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the arrestee's pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists." *Esmont v. City of New York*, 371 F. Supp. 2d 202, 215 (E.D.N.Y. 2005). In this case, there is no evidence that either the handcuffs were unreasonably tight or that Plaintiff's wrists were injured as a result of Sergeant Moody's assistance. While Plaintiff testified in his deposition that he requested that the handcuffs be removed after regaining consciousness,

4

there is no evidence in the video recording of the incident that such a request was actually made or that the failure to immediately comply with this alleged request caused Plaintiff injury. *See MacLeod v. Town of Brattleboro*, 2012 WL 5949787, at *7 (D. Vt. Nov. 28, 2012), *aff'd*, 548 F. App'x 6 (2d Cir. 2013) ("In assessing whether there are triable issues of fact, the court may rely on facts as depicted in an unaltered videotape and audio recording, even when such facts contradict those claimed by the nonmoving party[]"). Therefore, Sergeant Moody is entitled to qualified immunity because there is no evidence that would permit a rational factfinder to conclude that his assistance in handcuffing Plaintiff rose to the level of a constitutional violation because it was unreasonable. Likewise, there is no basis for the court to find Plaintiff's right not to be handcuffed in the circumstances of this case was clearly established. *See Warner v. Gyle*, 2010 WL 3925211, at *2 (D. Conn. Sept. 30, 2010) ("When *Soares* was decided, [n]either the Supreme Court nor the Second Circuit [had] established that a person has a right not to be handcuffed in the course of a particular arrest...The same remains true today[]") (internal quotation marks omitted).

Plaintiff's separate assault and battery claims against Sergeant Moody fail for the same reasons. In Vermont, police officers are privileged to use force in arresting a suspect, however the privilege "ends when the force used is excessive, which is determined using the same standards used to analyze a Fourth Amendment excessive force claim." *Mayo v. Winn*, 2009 WL 8103582, at *6 (Vt. Sup. Ct. May 14, 2009). Because the force used by Sergeant Moody was not excessive, his actions were privileged, and he is not liable for assault and battery under Vermont law.

Plaintiff's intentional infliction of emotional distress claim is similarly flawed. Under Vermont law, intentional infliction of emotional distress requires: "outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct." *Sheltra v. Smith*, 392 A.2d 431, 433 (Vt. 1978). "The conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decent and tolerable conduct in a civilized community

and be regarded as atrocious and utterly intolerable." *Dulude v. Fletcher Allen Health Care, Inc.*, 807 A.2d 390, 398 (Vt. 2002).

With regard to Officers Peyton and Adams, although a close question, the court concluded that if Plaintiff is able to establish the facts he alleges occurred inside his residence, "a rational jury could conclude that the officers' use of force against Plaintiff was gratuitous and took place at a time when the officers either knew or reasonably should have known that Plaintiff was incapacitated." (Doc. 126 at 42.) In turn, a jury could further find that the Officers' conduct "reach[ed] the level of extreme outrage necessary" needed to prevail on an intentional infliction of emotional distress claim. *See Denton v. Chittenden Bank*, 655 A.2d 703, 706 (Vt. 1994). Sergeant Moody, however, was not involved in those alleged acts. Accordingly, the court agrees that no rational jury could find that his conduct was sufficiently extreme or outrageous under the circumstances. *See Siliski v. Allstate Ins. Co.*, 811 A.2d 148, 154 (Vt. 2002) ("[a]s a threshold issue, the trial court must determine whether the conduct was so extreme and outrageous that a jury could reasonably find liability") (internal quotation marks omitted); *Bolz v. City of N. Las Vegas*, 2015 WL 4641060, at *11 (D. Nev. Aug. 4, 2015) ("The Court's determinations that Talley and Vital did not use excessive force in handcuffing Bolz ... lead the Court to find that the officers' conduct was not 'extreme and outrageous' under the circumstances[]").

**B.   Whether Reconsideration of Dismissal of Plaintiff's False Arrest Claim Is Warranted Because Plaintiff Was Conscious of His Confinement.**

Plaintiff seeks reconsideration of the court's dismissal of Count Three of his Second Amended Complaint, which alleged a constitutional violation under § 1983 for false arrest. In granting summary judgment in Defendants' favor with respect to this claim, the court found that Plaintiff could not establish that he was conscious of his confinement.[1] Plaintiff argues that the court overlooked facts in his deposition testimony

---

[1] In his Second Amended Complaint, Plaintiff alleged that he was in a "comatose state" at the time of the incident. (Doc. 43 at 7 ¶ 33.) Facts admitted in the pleadings operate as "judicial admissions that bind the [parties] throughout [the] litigation." *Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006).

showing that his first memory of the incident after coming home the previous night was "[b]eing in handcuffs on the side of my building getting my eyes washed out by a hose." (Doc. 98-21 at 5.) Plaintiff further testified that he believed that he was sitting on the sidewalk outside of his residence at the time, and that he asked someone to take the handcuffs off. Plaintiff estimates that he was conscious and aware of his confinement for five to ten minutes.

Assuming *arguendo* that Plaintiff may rely on his own deposition testimony as admissible evidence for purposes of opposing summary judgment,[2] the video recording of the incident reveals that by the time that Plaintiff was on the sidewalk in front of his residence, "he had free use of his hands and was otherwise unrestrained by the officers." (Doc. 126 at 40.) Moreover, Plaintiff concedes in his statement of undisputed facts that his blood sugar level at the time "likely rendered him in a comatose like state." (Doc. 98-2 at 14 ¶ 82.) Plaintiff's deposition testimony is thus contradicted by the video recording, his own statement of undisputed facts, and the allegations of his complaint. He therefore fails to identify a genuine issue of material fact that would justify reconsideration. *See Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005) (no error in awarding summary judgment where "the District Court found nothing in the record to support plaintiff's allegations other than plaintiff's own contradictory and incomplete testimony"); *Deebs v. Alstom Transp., Inc.*, 346 F. App'x. 654, 656 (2d Cir. 2009) (noting that "self-serving" deposition testimony, by itself, "is insufficient to defeat summary judgment").

---

[2] "Under the Federal Rules of Evidence, a [party] generally may not introduce his own prior statement for the truth of the matters asserted therein." *United States v. Demosthene*, 334 F. Supp. 2d 378, 381 (S.D.N.Y. 2004), *aff'd*, 173 F. App'x 899 (2d Cir. 2006); Fed. R. Evid. 801(d)(2)(a).

## CONCLUSION

For the foregoing reasons, Sergeant Moody's Motion for Reconsideration (Doc. 127) is GRANTED. Plaintiff's Motion for Reconsideration (Doc. 128) is DENIED. SO ORDERED.

Dated at Burlington, in the District of Vermont, this 9th day of November, 2015.

Christina Reiss, Chief Judge
United States District Court